IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

EDDIE BAKER, JR.,

    Petitioner,

v.

WILLIAMS,

    Respondent.

ORDER

Case No. 16-cv-333-wmc

Petitioner Eddie Baker, Jr., is currently in custody of the United States Bureau of Prisons at the Federal Correctional Institution in Oxford, Wisconsin ("FCI Oxford"). Before the court is his petition for a writ of habeas corpus under 28 U.S.C. § 2241. The petition is before the court for preliminary review under Rule 4, which may also be applied to habeas petitions not brought under 28 U.S.C. § 2254. After considering the pleadings and his memorandum in support, Baker's motion will be dismissed for the reasons set forth briefly below.

FACT

Baker is serving concurrent sentences for state and federal convictions. Milwaukee County imposed a ten-year sentence for a conviction of first-degree reckless endangerment of safety while armed with a dangerous weapon, while the Eastern District of Wisconsin imposed a concurrent 327-month sentence for a conviction of unlawful possession of a firearm as a felon.

On September 29, 2004, Baker filed a motion in the Eastern District under 28 U.S.C. § 2255, asking the sentencing court to vacate, set aside, or correct his

1

sentence. Baker argued that he was entitled to relief for the following reasons: (1) the trial court lacked subject matter jurisdiction to adjudicate his case pursuant to 18 U.S.C. § 921(a)(20); (2) the trial court erred by directing a partial verdict against him; (3) the prosecutor engaged in misconduct; (4) the charges violated the Double Jeopardy Clause; (5) there was insufficient evidence to prove that the firearm travelled in interstate commerce; (6) his sentence violated the Ex Post Facto Clause; and (7) defense counsel provided ineffective assistance.

Noting that Baker repeated several claims that had been adjudicated on direct appeal and that his remaining claims were barred by the doctrine of procedural default, the sentencing court denied relief on November 4, 2005. *See Baker v. United States*, 04-cv-0938 (E.D. Wis.). The Seventh Circuit also denied Baker's request for a certificate of appealability, *see Baker v. United States*, No. 05-4435 (7th Cir. March 2, 2006), and the United States Supreme Court denied his petition for a writ of certiorari from that decision. *See Baker v. United States*, 548 U.S. 917 (2006).

## OPINION

The gist of Baker's pending petition is that he does not believe that the federal court had jurisdiction to convict him of a crime. He lists three constitutional issues as his grounds for relief under § 2241: (1) whether the federal government lacked jurisdiction to enforce a statute that is applied as either an "ex post facto law" or a "bill of attainder"; (2) whether the federal government can take jurisdiction in violation of the Tenth Amendment; and (3) whether the Constitution permits the federal government to take away the Second Amendment rights of the people.

Baker's petition is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, which was enacted on April 24, 1996. Under the AEDPA, any "second or successive application" for habeas relief must be authorized by the court of appeals. *See* 28 U.S.C. § 2244(b)(3)(A). Numerically, second filings trigger the prohibition against second-or-successive applications "if they follow a filing that 'counts' as the prisoner's first (and only) opportunity for collateral review." *Vitrano v. United States*, 643 F.3d 229, 233 (7th Cir. 2011) (citation omitted). Baker's 2004 petition counts as his first opportunity for collateral review. *See Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (petitions that "have been denied based on a procedural default ... do count as prior petitions because the petitioner is incapable of curing the defect underlying the district court's judgment"). Accordingly, his pending petition qualifies as a second or successive application for habeas relief.

Although a petition under § 2241 does not face the successive petition bar, Baker's § 2241 petition is really a § 2255 claim in sheep's clothing. A defendant has limited avenues of relief from a federal conviction once it has become final. After a defendant has completed a direct appeal, or his time to appeal has expired, a motion under 28 U.S.C. § 2255 is generally the "exclusive" means for a federal prisoner to challenge the validity or imposition of his sentence. *Hill v. Werlinger*, 695 F.3d 644, 647 (7th Cir. 2012). In a "narrow class of cases," a federal prisoner may challenge his conviction and sentence under § 2241, but only if he can show that his claims fit within the "savings clause" found at 28 U.S.C. § 2255(e). *Id.* at 648; *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003); *see also Carnine v. United States*, 974 F.2d 924, 927 (7th Cir.

1992) (comparing the remedies available under §§ 2241, 2255). The "savings clause" authorizes a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

In order to fit within the savings clause, the Seventh Circuit has explained that a petitioner must generally meet three conditions. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). First, he must show that he relies on a new case of statutory interpretation. *Id.* Second, he must show that the case applies retroactively. *Id.* Third, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Id.*; *see also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012). Recently, in *Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015), the Seventh Circuit reemphasized that "there must be some kind of structural problem with § 2255 before § 2241 becomes available. In other words, something more than a lack of success with a § 2255 motion must exist before the savings clause is satisfied." *Id.* at 1136. The test remains whether Section 2255 is an inadequate or ineffective remedy, meaning whether it allows the petitioner "a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence." *Id.* (quoting *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998)).

Baker does not begin to meet the conditions necessary to invoke the savings clause successfully. For one, he has not cited a new case that would support his request for release, much less be applied retroactively. Nor has he established some structural problem that renders § 2255 an inadequate remedy. Accordingly, § 2241 is unavailable

4

as a means for Baker to circumvent the requirement of advance approval from the Seventh Circuit before proceeding on another § 2255 petition.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner. 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). Generally, this means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). To the extent that this order qualifies as "final" for purposes of Rule 11, the court declines to issue a certificate of appealability because reasonable jurists would not debate whether the petition qualifies as "second or successive" under 28 U.S.C. § 2244(b).

ORDER

IT IS ORDERED THAT:

1. Petitioner Eddie Baker's habeas corpus petition is DENIED and this matter is DISMISSED.

2. A certificate of appealability is DENIED. If petitioner wishes he may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 29th day of June, 2017.

BY THE COURT:
/s/
WILLIAM M. CONLEY
District Judge